**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| NATHANIEL GRIGGS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 4:06-CV-25(CDL) |
| | * | 28 U.S.C. § 2254 |
| STEPHEN UPTON, Warden, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On October 13, 2000, Petitioner, who is currently serving a sentence in the Calhoun State Prison, in Morgan, Georgia, was found guilty in the Chattahoochee County Superior Court of aggravated battery, burglary, and kidnaping with bodily. Petitioner was sentenced to serve life in prison for the kidnaping charge, a consecutive twenty year sentence for aggravated battery and another consecutive twenty years for the burglary charge. Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals. (R-1, p. 3). On December 11, 2003, the Court of Appeals affirmed Petitioner's convictions. *See, Griggs v. State*, 264 Ga. App. 636, 592 S.E.2d 168 (2003).

On September 10, 2004, Petitioner filed a state habeas petition in the Calhoun County Superior Court which was ultimately denied on April 8, 2005. (R-1, p. 3). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court on January 17, 2006. Then, on February 16, 2006, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. On April 17, 2006, the Respondent

filed his Answer-Response.

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits

in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

**Petitioner's Claims**

Petitioner's application for a federal writ of habeas corpus, which is currently before this court, cites five grounds for relief.

## I. Sufficiency of the Evidence

In **Ground One**, the Petitioner contends that the evidence presented at his trial was constitutionally insufficient to support the jury's findings of guilt as to the charges of aggravated battery, burglary and kidnaping with bodily injury. (R- 1, p. 5). The Petitioner specifically argues that the evidence failed to show that he met the statutory elements required to find him guilty of said charges. *Id.*

This claim was raised by Petitioner in his direct appeal to the Georgia Court of Appeals where it was decided against him. *See, Griggs v. State*, 264 Ga. App. 636, 639, 592 S.E.2d 168 (2003). The state court, in finding that Petitioner's convictions were not obtained contrary to, or in violation of, clearly established law, relied on *Knowles v. State,* 245 Ga. App. 523, 538 S.E.2d 175 (2000), which utilized the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), to determine whether the trial court had erred. The Appellate Court, viewing the evidence in a light most favorable to the verdict, found that sufficient evidence supported the conviction and clearly articulated such evidence.

There is nothing in the record to suggest that the decision by the Georgia appellate court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Furthermore, this Court is without authority to disturb the findings of a state court decision which is based on "independent and adequate

state procedural grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991). Likewise, there is nothing in the record to suggest that the decision by the Georgia appellate court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Therefore, Petitioner is not entitled to relief on this ground.

**I.     Assistance of Appellate Counsel**

In **Grounds Two and Three,** Petitioner alleges that the state court "actually and/or constructively denied Petitioner competent, reasonable and effective assistance of appellate counsel." (R- 1, p. 5).

In analyzing Petitioner's ineffective assistance of appellate counsel claims as argued in his state habeas petition, the Calhoun County Superior Court utilized the standard in *Strickland v. Washington,* which held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively

unreasonable manner.  An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).  The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal.  *Id.* at 392.  Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987).  Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions.  The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly

6

established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel. The record reveals that the Calhoun County Superior Court found that the Petitioner's appellate counsel raised all claims which he found to have merit. (Respondent's Exh. 3, p. 6). The state habeas court further found that appellate counsel's representation of Petitioner was not unreasonable. *Id.* Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland*. A review of that decision fails to show that it was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Thus, it is recommended that Petitioner is not entitled to relief on Grounds Two or Three.

### III.   Error by State Habeas Court

In **Count Four**, Petitioner alleges that the Calhoun County Superior Court erred in his state habeas hearing by failing to rule on several motions he filed. (R-1, p. 10). Specifically, he alleges that the state habeas judge erroneously failed to rule upon his Motion to Set Aside and Vacate Void and Null Judgment and his Motion for Ruling on the Pleadings. *Id.* He further claims that the state habeas judge erred in finding that summary

7

judgment did not apply to state habeas corpus petitions. *Id.* at 11.

In ruling on a similar issue raised by a federal habeas petitioner, the Eleventh Circuit Court of Appeals held that errors raised by a petitioner which do not involve the reason for his confinement are not cognizable in federal habeas corpus petitions. *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Specifically, the court held that:

> In *Spradley v. Dugger,* we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir.1987) (involving claims as to errors at a hearing on a petitioner's 3.850 motion); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. *See Spradley,* 825 F.2d at 1568.

Because the Petitioner was not challenging his conviction *per se*, but was challenging an error he contends the state habeas judge made in denying him the summary judgment he sought, it was an attack on a proceeding collateral to his conviction, not cognizable in habeas corpus. 28 U.S.C. § 2254; *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). The Petitioner is not entitled to relief on this claim.

The court must take notice at this point that Petitioner Griggs filed a Motion For Summary Judgment in this court on May 2, 2006 in this action.  By the same authority cited above, a Motion For Summary Judgment is not cognizable in a habeas corpus action. Therefore, Petitioner's present Motion For Summary Judge should also be denied. 28 U.S.C. § 2254; *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004).

### IV. Lack of Jurisdiction

Petitioner's last claim of error alleges that all of the state court proceedings held following the notice of appeal filed by his appellate counsel are null and void as the court no longer possessed jurisdiction to consider them.

A federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

When a Defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from

raising the claim in a 28 U.S.C. § 2254 federal habeas corpus petition absent a showing of cause for, and actual prejudice from the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S. Ct. 2497 (1977); *Bailey v. Nagle,* 172 F.3d 1299 (11th Cir. 1999).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478., 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

Petitioner contends that this claim is being raised for the first time here because it has only recently come to his attention. However, based on the standard above, the Petitioner has failed to demonstrate any proper cause for not raising his new claims heretofore before the state habeas corpus court, and those claims are therefore not cognizable in this court pursuant to the foregoing authority. 28 U.S.C. § 2254.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED** and his Motion For Summary Judgment **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 31st day of May, 2006.

                        S/ G. MALLON FAIRCLOTH
                        UNITED STATES MAGISTRATE JUDGE

sWe